**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.** 1:26-mj-03820-Hernandez

**UNITED STATES OF AMERICA**

**v.**

**ALBERTO HERNANDEZ CASTILLO,**

**Defendant.**

_______________________________/

FILED BY JP D.C.
Oct 5, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**CRIMINAL COVER SHEET**

1. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

2. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

3. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

4. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 3, 2026? No

5. Did this matter involve the participation of or consultation with Magistrate Judge Brandy Brentari Galler during her tenure at the U.S. Attorney's Office, which concluded on July 30, 2026? No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: *s/ Andrea Montes*
ANDREA MONTES
Assistant United States Attorney
Florida Bar No.1016182
99 Northeast 4th Street
Miami, Florida 33132
Telephone: (305) 961-9417
Email: Andrea.Montes@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

United States of America
v.
Alberto Hernandez Castillo,

*Defendant(s)*

Case No. 1:26-mj-03820-Hernandez

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 4, 2026 in the county of Miami-Dade in the Southern District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 545 | Smuggling Goods into the United States |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

Dylan Cortes, Special Agent HSI (S11512)
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone

Date: 10/5/2026

*Judge's signature*

City and state: Miami, Florida

Honorable Yeney Hernandez, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Dylan Cortes, Special Agent with Homeland Security Investigations ("HSI"), having first been duly sworn, do hereby depose and state the following:

## AGENT BACKGROUND AND INTRODUCTION

1. I am a Special Agent ("SA") with HSI and have been so employed since August 2025. I am currently assigned to the Miami Field Office and am also cross designated to conduct drug trafficking investigations under a Memorandum of Understanding between HSI and the Drug Enforcement Administration ("DEA"). I have investigative experience and training related to criminal investigations involving the smuggling, trafficking, and unlawful importation of contraband, including goods, merchandise, and other regulated commodities. In addition to conducting controlled-substances investigations, I have also participated in interdiction operations targeting parcels containing all types of contraband. As a result, I am familiar with the various methods generally utilized by traffickers to transport contraband through airports, seaports, and common carriers.

2. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). That is, I am an officer of the United States who is empowered by law to investigate and conduct arrests for offenses enumerated in Title 18, United States Code, Sections 541, 542, 545 and 371.

3. The information set forth in this affidavit is provided in support of the criminal complaint charging **Alberto Hernandez Castillo ("HERNANDEZ CASTILLO")** with a violation of Title 18, United States Code, Section 545 (smuggling goods into the United States). This affidavit is intended only to establish probable cause to believe that the offense was

committed. Accordingly, it does not include each and every fact known to law enforcement about this investigation.

**PROBABLE CAUSE**

4. On or about October 4, 2026, **HERNANDEZ CASTILLO** entered the United States through Miami International Airport ("MIA") via World Atlantic Flight 503 from Havana, Cuba. **HERNANDEZ CASTILLO** is a native of Cuba and a Legal Permanent Resident of the United States. **HERNANDEZ CASTILLO** is a native Spanish speaker.

5. Upon arriving at primary inspection, **HERNANDEZ CASTILLO** was selected for secondary inspection by a U.S. Customs and Border Protection ("CBP") officer. At secondary inspection, the CBP officer obtained a binding declaration from **HERNANDEZ CASTILLO** in Spanish. At that time, **HERNANDEZ CASTILLO** claimed ownership of one carry-on bag and one fanny pack. CPB also reviewed **HERNANDEZ CASTILLO**'s Customs Entry Declaration (CBP Form 6059), which he signed and dated, October 4, 2026. On the form, **HERNANDEZ CASTILLO** answered "No" to all declaration questions, including whether he was bringing any animals or wildlife into the United States. A search of **HERNANDEZ CASTILLO**'s fanny pack and carry-on bag did not yield any contraband.

6. **HERNANDEZ CASTILLO** was asked routine travel questions and he stated that he had traveled to Cuba to visit family. During the interview, CBP officers observed an unexplained bulge on the front of **HERNANDEZ CASTILLO**'s pelvis/waist area and noted that he appeared nervous. The CBP officers subsequently escorted **HERNANDEZ CASTILLO** to a secure inspection area to conduct a pat-down.

7. The pat-down revealed that **HERNANDEZ CASTILLO** was concealing six cylindrical clear plastic containers, each wrapped in tape and some with black mesh material

affixed near the openings. The tubes were then concealed in black pockets sewn into **HERNANDEZ CASTILLO**'s underwear. Each tube contained live birds. The images below depict **HERNANDEZ CASTILLO** standing in the secure inspection area with clothing lifted to show the way the tubes were concealed, as well as the six tubes after they were removed from **HERNANDEZ CASTILLO**'s body.





8. In total, **HERNANDEZ CASTILLO** was found to be transporting ten live birds. A preliminary identification of the birds revealed them to be: eight (8) Yellow-faced Grassquit (*Tiaris olivaceus*), and (2) Blue Grosbeak (*Passerina caerulea*).[1]

[SECTION LEFT INTENTIONALLY BLANK]

[1] The Blue Grosbeak is a North American songbird. The Migratory Bird Treaty Act prohibits the capture or possession, of native North American songbirds without a federal permit.

9. The image below depicts several of the birds placed in a cage after being removed from the tubes.



10. Upon recovery of the birds, **HERNANDEZ CASTILLO** claimed that the birds were for his "personal use." However, no further questions were asked because **HERNANDEZ CASTILLO** subsequently invoked his right to remain silent.

11. Based on the records available at the time of inspection, there is no evidence that **HERNANDEZ CASTILLO** submitted the documentation required for the lawful importation of wildlife. Under the Endangered Species Act, 16 U.S.C. § 1538(e), individuals importing wildlife must file any declaration or report required by the Secretary of the Interior to facilitate enforcement. Prior to importing any wildlife, an importer is required to file with the U.S. Fish & Wildlife Service a completed, signed, and certified Declaration for Importation or Exportation of Fish or Wildlife (Form 3-177), as required by 50 C.F.R. § 14.61. No such declaration was identified in connection with **HERNANDEZ CASTILLO**'s arrival.

**CONCLUSION**

12. Based on the aforementioned information, I respectfully submit that there is probable cause to believe that **Alberto Hernandez Castillo ("HERNANDEZ CASTILLO")** did fraudulently and knowingly import and bring into the United States merchandise contrary to law, that is, ten (10) live birds, specifically, eight (8) Yellow-faced Grassquit (*Tiaris olivaceus*), and (2) Blue Grosbeak (*Passerina caerulea*), in that said wildlife was not first made available for inspection and properly declared to the United States Fish and Wildlife Service and United States Customs and Border Protection as required by Title 50, Code of Federal Regulations, Sections 14.52 and 14.61, in violation of Title 18, United States Code, Section 545.

**FURTHER AFFIANT SAYETH NAUGHT.**

SPECIAL AGENT DYLAN CORTES (S11512)
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1, by Telephone, this 5th day of October 2026.

HONORABLE YENEY HERNANDEZ
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**CASE NUMBER:** 1:26-mj-03820-Hernandez

**BOND RECOMMENDATION**

DEFENDANT: Alberto Hernandez Castillo

$25,000 Personal Surety Bond

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *Andrea Montes*
AUSA: Andrea Montes

Last Known Address: [redacted]

What Facility: [redacted]

Agent(s): SA Dylan Cortes
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
HSI